IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

**ANDREA K. MARKS**
4696 Quaker Trace Road
Eaton, Ohio 45320

    Plaintiff,

vs.

**THE DEPARTMENT OF AGRICULTURE**
Tom Vilsac, Secretary
Jamie L. Whitten Building
1400 Independence Avenue, SW
Washington, D.C. 20250

    Defendant.

Case No.: 3:23-cv-91

Judge

**COMPLAINT WITH JURY DEMAND**

---

Now comes Plaintiff Andrea Marks ("Marks" or "Plaintiff") by her counsel, and for her Complaint against Defendant Secretary of Agriculture hereinafter referred to as "Defendant" states as follows:

## I.    PARTIES, JURISDICTION & VENUE

1. This is an action for wrongful termination predicated on disability discrimination pursuant to the Rehabilitation Act of 1973.

2. Plaintiff is a resident of Preble County, Ohio and a former employee of the Department of Agriculture. Plaintiff is a disabled individual.

3. Defendant Department of Agriculture has various locations in Ohio and other states, including locations in this judicial district, where Plaintiff was employed.

4. Jurisdiction in this Court is proper at least pursuant to 29 U.S.C. §701, et seq., The Rehabilitation Act of 1973.

5. Venue properly lies with the Southern District of Ohio because Defendant conducts business within this district.

6. On or about January 19, 2023, the United States of America, Merit Systems Protection Board issued a Initial Agency Decision which became a Final Agency Decision on February 23, 2023 which granted Plaintiff the right to bring this action in this Court no later than thirty days after February 23, 2023. Plaintiff has timely filed this Complaint.

## II.  FACTUAL BACKGROUND

7. Plaintiff restates the previous allegations of paragraphs 1-6 herein.

8. At all relevant times, Plaintiff was employed by Defendant as a Supervisory Program Analyst (GS-0343-13) with Defendant's Animal and Plant Health Inspection Service (APHIS), Animal Care. Plaintiff's first line supervisor was Benjamin Dutton, Director Program Support APHIS.

9. On September 7, 2021 Plaintiff requested Family Medical Leave Act (FMLA) leave from September 7, 2021 to November 30, 2021 due to ongoing medical issues. At that time Plaintiff's healthcare provider stated that Plaintiff was suffering from a permanent or long term condition such that she was unable to work in any capacity, that she would be incapacitated through November 30, 2021 and that she would not be able to perform one or more of her essential job functions, including managing others, leading teams; mentoring; regulatory analysis; data analysis and anything related to customer service. The leave request was approved by Benjamin Dutton.

10. In early October 2021, Plaintiff informed Dutton that she did not believe she would be able to return to work at the conclusion of her FMLA approved leave and would be filing for a

medical disability retirement. Plaintiff did not return to work by November 30, 2021 and Defendant placed Plaintiff on Leave Without Pay (LWOP) status.

11. On February 1, 2022 Dutton issued Plaintiff a Return to Duty Status letter which among other things stated her continued absence was impacting the operational efficiency of her office, that she had not requested a reasonable accommodation, that her position could not be vacated indefinitely and that the Agency could not continue to hold open Plaintiff's position.

12. Dutton's letter also gave Plaintiff two options. One was to return to full duty, with a reasonable accommodation. The second option was to resign.

13. Plaintiff was unable to choose option one and didn't want to choose option two while her application for medical disability retirement was pending, because she would have her health care insurance.

14. Also, on February 1, 2022, Plaintiff's medical provider provided Defendant with additional medical documentation advising Defendant that Plaintiff's mental health issues had adversely impacted Plaintiff's functionality, in most, if not all aspects of her life, including interpersonal and occupational. The medical provider further opined that Plaintiff was unable to perform analysis of fine data due to an impaired ability to concentrate and articulate leading to further anxiety and that she had great difficulty in interacting with others in social and professional settings. The medical provider went on to provide many examples of how Plaintiff's medical condition prevented her from performing most tasks associated with her position.

15. Upon receiving Mr. Dutton's February 1, 2022 letter, Plaintiff submitted a reasonable accommodation request to Defendant for the purpose of going through a process required for her medical disability retirement application. Plaintiff then engaged in an interactive process with Defendant, consisting of Plaintiff advising Defendant that there was no position she could

perform with or without an accommodation. At the end of the process Dutton came to the same conclusion.

16. On May 23, 2022 Dutton sent a follow up Return to Duty Notice, this time confirming that the Agency was unable to reasonably accommodate Plaintiff and once again requested Plaintiff to choose one of the previously mentioned options.

17. Plaintiff on May 31, 2022 responded to the May 23, 2022 letter once again refusing to choose either of Dutton's options, but proposed a new option, which was continuing her on LWOP for up to one year or until her application for disability retirement was successfully processed.

18. On July 19, 2022 Dutton responded to Plaintiff denying her request for continued LWOP and advising her that her absences would be coded as Absent Without Leave (AWOL) going forward.

19. On August 12, 2022 Dutton proposed removing Plaintiff from employment based on a charge of medical inability to perform the essential functions of her job.

20. On September 16, 2022 Plaintiff responded both orally and in writing to the proposed removal, requesting that Defendant maintain her employment on LWOP status until her medical disability retirement was approved to ensure she continued to maintain health and medical insurance for her serious and expensive health conditions.

21. Not mentioned in the Agency's Initial Decision were two important matters. The first was that Mr. Dutton delayed action on Plaintiff's medical disability application for nine months. The second was that her request was predicated on a provision in the OSDA APHIS Human Resources Desk Guide- HRDG- 4630- Absence and Leave- Section E- Subsection (a) which provides:

- When reviewing requests for extended LWOP, approving officials should be liberal in approving LWOP for employees whose application for disability compensation or disability retirement is pending.

A complete copy of Plaintiff's written response to the Notice of Proposed Removal is attached as Exhibit 1.

22. On September 23, 2022, Defendant's Associate Director issued her decision on the proposed removal, sustaining the charge and the proposed penalty, resulting in Plaintiff, being removed from employment effective October 11, 2022.

23. Plaintiff timely appealed Defendant's removal decision which resulted in the Initial Decision upholding the Agency's removal decision.

### III. CAUSES OF ACTION

#### A. DISABILITY DISCRIMINATION
Rehabilitation Act of 1973

24. Plaintiff restates the previous allegations of paragraphs 1-23 herein.

25. Plaintiff is a disabled employee and protected from discrimination by the Rehabilitation Act of 1973; due to her medical provider's mental health diagnosis.

26. Prior to disclosing her mental health diagnosis to Benjamin Dutton in September 2021 Plaintiff enjoyed an excellent and professional working relationship with her first line supervisor Benjamin Dutton. However, after disclosing the diagnosis to Dutton, their relationship took an immediate negative turn.

27. Dutton refused to complete simple forms and delayed sending necessary information to process Plaintiff's medical retirement application for more than nine months. Dutton cut off communications with Plaintiff and/or took steps to make any communication difficult. Further, Dutton failed to follow and adhere to Defendant's human resources desk guide in respect to the utilization of LWOP and pending medical disability retirement applications.

28. Plaintiff was treated differently in respect to the terms and conditions of her employment due to her disabilities, and Dutton's negativity associated with same.

29. As a result of Defendant's unlawful actions, Plaintiff has been damaged, in the form of incurring substantial medical expenses, incurring attorney fees and costs and her disabilities have been exacerbated.

## IV. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff Andrea Marks respectfully demands judgment against Defendant the Department of Agriculture and prays for the following relief:

A. Reinstatement, plus back pay and benefits;

B. Compensatory damages in excess of $100,000;

C. Reasonable attorney fees and costs;

D. Pre and post judgment interest;

E. Statutory damages;

F. Such other relief that this Court deems just and equitable.

Respectfully submitted,

DUWEL LAW

**/s/ David M. Duwel**
DAVID M. DUWEL (0029583)
130 West Second Street, Ste 2101
Dayton, Ohio 45402
PH:  (937) 297-1154
FAX: (937) 297-1152

ATTORNEY FOR PLAINTIFF

## CERTIFICATE OF SERVICE

    I hereby certify that on this 24th day of March 2023, the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's CM/ECF and copies will be mailed via U.S. Mail to those parties to whom electronic notice has not been sent. Parties may access the filing through the Court's e-filing system.

                                            /s/ **David M. Duwel**
                                            Attorney at Law